**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON RYAN MCDERMOTT,

          Plaintiff - Appellant,

  v.

MATTHEW VALLEY; KIM MILLER;
DIANE KAUFMANN; LINDA GHERKE;
JAN EPP; CLAYTON BUNT; BRUCE
COOPER; PHILLIP PETERSEN;
BENTLY; RORY YORK,

          Defendants - Appellees.

No. 14-35343

D.C. No. 3:11-cv-00331-BLW

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted August 14, 2015**
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jason McDermott appeals the district court's grant of summary judgment for defendant prison medical officials on his 42 U.S.C. § 1983 claim. McDermott alleges that defendants violated the Eight Amendment by demonstrating deliberate indifference to his persistent constipation. Reviewing de novo and viewing the evidence in the light most favorable to McDermott, we conclude there is no genuine issue of material fact and affirm. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

McDermott has failed to show "deliberate indifference to [his] serious medical needs," as is required under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). First, although we do not discount his complaints, he has not demonstrated that his medical need—constipation—is serious because there is no evidence "that failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted). McDermott has not produced any evidence beyond bare allegations that his constipation rises to the level of a serious medical need.

Second, McDermott has failed to show that "[a] prison official [was] deliberately indifferent to [his] need [in that the official] kn[ew] of and disregard[ed] an excessive risk to inmate health." *Id.* at 1082 (internal quotation

marks omitted).  To the contrary, the record reflects that McDermott received continual medical care and that prison medical officials attempted to address his concerns through various diagnostic tests and treatment plans.  McDermott offers no support for his claim that he is constitutionally entitled to be treated with brand name, as opposed to generic, Metamucil as he demands.

    **AFFIRMED.**